LDA

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CITIZENS BANK OF RHODE ISLAND<br>Plaintiff | ) | |
| VS. | ) | C.A. No.: |
| ANDREI KLEIN<br>JULIANA KLEIN<br>Defendants | ) | CA 06 322T |

# COMPLAINT

## JURISDICTION AND VENUE

1. This Court is vested with jurisdiction over the Defendants and the subject matter of this litigation pursuant to an agreement between the parties. Diversity jurisdiction exists as the Plaintiff has a principal place of business in Rhode Island and the Defendants are residents of the Commonwealth of Massachusetts. In addition, the amount in controversy exceeds $75,000.00 with respect to each of Plaintiff's monetary claims against the Defendants

2. Venue is proper pursuant to a forum selection clause contained in the contracts giving rise to the claims of the Plaintiff.

**Allegations Common to All Counts**

3. Plaintiff, Citizens Bank of Rhode Island ("Citizens"), is a bank with a principal place of business at 1 Citizens Plaza, Providence, RI 02903.

4. Defendant, Andrei Klein, is an individual residing at 10 Merrymount Drive, North Dartmouth, MA.

5. Defendant, Juliana Klein (together with Andrei Klein, the "Kleins"), is an individual residing at 10 Merrymount Drive, North Dartmouth, MA.

6. Nutex Industries, Inc. ("Nutex"), is a corporation with a place of business in New Bedford, MA.

7. Nutex is engaged in the manufacture and supply of webbing and other textiles.

8. Andrei Klein is the principal shareholder and President of Nutex.

9. On May 15, 2006, Nutex filed for protection under Chapter 11 of the United States Bankruptcy Code.

10. In or about December 2001, Citizens made a term loan (the "Term Loan") to Nutex in the principal amount of $950,000.00 as evidenced by, among other things, that certain promissory note dated December 28, 2001 executed in favor of Citizens by the Debtor, as amended and restated on April 5, 2002 (the "Term Note").

11. A true and accurate copy of the Term Note is annexed hereto as **Exhibit A** and incorporated herein by reference.

12. Citizens also extended a revolving line of credit (the "Line of Credit") to Nutex in the maximum principal amount of $600,000.00 as evidenced by that certain Revolving Line of Credit (Demand) Promissory Note dated December 28, 2001 and executed by the Debtor in favor of Citizens Bank, as amended and restated as of November 16, 2005 (the "Revolver Note",

together with the Term Note and any document executed in connection with these Notes and the loans evidenced thereby, shall sometimes be referred to herein as the "Loan Documents").

13. A true and accurate copy of the Revolver Note is annexed hereto as **Exhibit B** and incorporated herein by reference.

14. In connection with the extension of credit evidenced by the Term Note and the Revolver Note, the Kleins granted unconditional personal guarantees (the "Guarantees"), guaranteeing Nutex's obligations to Citizens including the obligations evidenced by the Term Note and the Revolver Note.

15. The Guarantees are annexed hereto as **Exhibit C** and incorporated herein by reference.

16. Nutex defaulted under the terms of the Term Note and the Revolver Note.

17. On or about November 15, 2006, Citizens, Nutex and the Kleins entered into a forbearance transaction as evidenced by a Forbearance Agreement.

18. A true and accurate copy of the Forbearance Agreement is annexed hereto as **Exhibit D** and incorporated herein by reference.

19. As partial consideration for Citizens agreement to enter into the forbearance transaction, the Kleins executed a negative pledge agreement (the "Negative Pledge Agreement") providing for a security interest in their residence located at 10 Merrymount Drive, North Dartmouth, Massachusetts immediately upon a default under the Loan Documents.

20. A true and accurate copy of the Negative Pledge Agreement is annexed hereto as **Exhibit E** and incorporated herein by reference.

21. Subsequent to the execution of the Forbearance Agreement, Nutex defaulted under that instrument and the Loan Documents.

22. Pursuant to the Guarantees, the Kleins are obligated to pay all sums due and owing under the Term Note and the Revolver Note.

23. As of May 15, 2006, Nutex owed Citizens the principal sum of $599,500.00 together with interest of $2,922.57, late charges of $29,975.00, and fees, costs and expenses of $16,904.52 on account of the Revolver Note.

24. As of May 15, 2006, Nutex owed Citizens the principal sum of $538,710.35 together with interest of $1,844.34, on account of the Term Note exclusive of fees, costs and expenses.

**Count I**

25. Paragraphs 1 through 24 are incorporated herein by reference.

26. Pursuant to the Guarantees, the Kleins are obligated to pay Citizens all amounts due and owing under the Revolver Note.

27. The Kleins have failed to make payment of all sums due and owing under the Revolver Note.

28. Citizens is entitled to payment from the Kleins for all amounts due and owing under the Revolver Note, plus additional interest, fees, costs and expenses.

**Count II**

29. Paragraphs 1 through 24 are incorporated herein by reference.

30. Pursuant to the Guarantees, the Kleins are obligated to pay Citizens all amounts due and owing under the Term Note.

31. The Kleins have failed to make payment of all sums due and owing under the Term Note.

32. Citizens is entitled to payment from the Kleins for all amounts due and owing under the Term Note, plus additional interest, fees, costs and expenses.

**Count III**

33. Paragraphs 1 through 32 are incorporated herein by reference.

34. The Negative Pledge Agreement provides for a security interest in the Kleins residence located at 10 Merrymount Drive, North Dartmouth, MA upon the occurrence of an event of default under the Loan Documents.

35. A default has occurred under the Loan Documents.

36. The Negative Pledge Agreement further provides that Citizens shall have all rights and remedies of a mortgagee with respect to the realty.

37. The Negative Pledge Agreement constitutes a valid and enforceable mortgage or said instrument constitutes an equitable mortgage.

**Count IV**

38. Paragraphs 1 through 37 are incorporated herein by reference.

39. In addition to the provision of liens, the Negative Pledge Agreement further provides that the Kleins will execute any and all further instruments necessary to effectuate the provisions of the Negative Pledge.

40. The Negative Pledge Agreement also provides Citizens with a general power of attorney from the Kleins relating to the grant of the liens thereunder.

41. Pursuant to the terms of the Negative Pledge Agreement, the Kleins are required to execute any documentation that Citizens deems necessary to effectuate the provisions of said Pledge.

42. Furthermore, Citizens is entitled to execute on behalf of the Kleins and in their stead any documentation necessary to effectuate the terms of the Negative Pledge Agreement.

WHEREFORE, Citizens respectfully requests that this Honorable Court enter judgment in its favor as follows:

1. On Count I, that the Court enter judgment in favor of Citizens against the Kleins for all amounts due and owing under the Revolver Note including all principal, interest, fees, costs and expenses;

2. On Count II, that the Court enter judgment in favor of Citizens against the Kleins for all amounts due and owing under the Term Note including all principal, interest, fees, costs and expenses;

3. On Count III that the Court enter judgment in favor of Citizens determining that the Negative Pledge Agreement constitutes a valid mortgage or an equitable mortgage;

4. On Count IV that the Court enter an Order determining that Citizens has the power and authority to execute any and all documents necessary to effectuate the provisions of the Negative Pledge Agreement on behalf of the Kleins including, but not limited to, an instrument providing the statutory mortgage conditions and power for non-judicial sale;

5. On Count IV that the Court enter an Order requiring and directing the Kleins to execute any and all instruments deemed necessary by Citizens to effectuate the provisions of

the Negative Pledge Agreement including, but not limited to, the execution of an instrument providing the statutory mortgage conditions and power for non-judicial sale.

6. For such other relief as the Court deems just and proper.

CITIZENS BANK OF RHODE ISLAND
By its attorney,

Thomas E. Carlotto # 6088
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403
tcarlotto@shslawfirm.com
Dated: July 14, 2006