**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CITIZENS BANK OF RHODE ISLAND** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **VS.** | ) | **C.A. No.: 06-322 T** |
| | ) | |
| **ANDREI KLEIN** | ) | |
| **JULIANA KLEIN** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This is a civil action in which the Plaintiff, Citizens Bank of Rhode Island ("Citizens"), seeks to recover money damages due from the Defendants, Andrei Klein and Juliana Klein, as well as declaratory and equitable relief.

## II. STATEMENT OF THE CASE

On or about December 2001, Citizens made a term loan (the "Term Loan") to Nutex Industries, Inc. ("Nutex") in the principal amount of $950,000.00 as evidenced by, among other things, that certain promissory note dated December 28, 2001, executed in favor of Citizens by Nutex, as amended and restated on April 5, 2002 (the "Term Note"). A true and accurate copy of the Term Note is annexed to the Complaint as **Exhibit A** and incorporated herein by reference. Citizens also extended a revolving line of credit (the "Line of Credit"

together with the Term Loan, the "Loans") to Nutex in the maximum principal amount of $600,000.00 as evidenced by that certain Revolving Line of Credit (Demand) Promissory Note dated December 28, 2001, executed by Nutex in favor of Citizens Bank, as amended and restated as of November 16, 2005 (the "Revolver Note", together with the Term Note and any document executed in connection with these Notes and the loans evidenced thereby, shall sometimes be referred to herein as the "Loan Documents"). A true and accurate copy of the Revolver Note is annexed to the Complaint as **Exhibit B** and incorporated herein by reference. In connection with the extension of credit evidenced by the Term Note and the Revolver Note, the Kleins granted unconditional personal guarantees (the "Guarantees"), guaranteeing Nutex's obligations to Citizens including the obligations evidenced by the Term Note and the Revolver Note. The Guarantees are annexed to the Complaint as **Exhibit C** and incorporated herein by reference.

Subsequent to the Citizens' extensions of credit, Nutex defaulted under the Term Note and the Revolver Note. On or about November 15, 2006, Citizens, Nutex and the Kleins entered into a forbearance transaction as evidenced by a Forbearance Agreement (the "Forbearance Agreement"). A true and accurate copy of the Forbearance Agreement is annexed to the Complaint as **Exhibit D** and incorporated herein by reference. As partial consideration for Citizens agreement to enter into the forbearance transaction, the Kleins executed a negative pledge agreement (the "Negative Pledge Agreement") providing for a security interest in their residence located at 10 Merrymount Drive, North Dartmouth, Massachusetts immediately upon a default under the Loan Documents. A true and accurate copy of the Negative Pledge Agreement is annexed to the Complaint as **Exhibit E** and incorporated herein by reference. Subsequent to the execution of the

Forbearance Agreement, Nutex defaulted under the Forbearance Agreement and the Loan Documents.

On or about July 17, 2006, Plaintiff filed the above captioned civil action against the Defendants for breach of their obligations under the Agreement and Loan Documents. On or about August 21, 2006, Defendants filed an Answer.

## III. ARGUMENT

A. Summary Judgment Standard:

Summary judgment is a vehicle designed to curtail litigation in its early stages if no genuine issue of material fact requires resolution. The key issue in a motion for summary judgment, then, is whether the pleadings show the existence of any genuine issue as to any material fact. Gulf Coast Bank & Trust Co. v. Reder, 355 F.3d 35, 39 (1st Cir., 2004). If no triable issue of fact is presented, the moving party is entitled to judgment as a matter of law and summary judgment may be entered in favor of the moving party. Fed.R.Civ.P. 56(c). Reder at 39.

The moving party has the initial burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Reder at 39. Plaintiffs have satisfied that burden in the present case by the submission of the Affidavit of James Ray attesting to the validity of the Loan Documents, the Forbearance Agreement, Negative Pledge Agreement and the amounts due in connection therewith. Furthermore, the Kleins admit in their Answer that they executed the Loan Documents, the Forbearance Agreement and the Negative Pledge Agreement. While the Kleins may deny that any obligation exists under the Guarantees, such a denial is contrary to the terms of those instruments. Based upon the

uncontested material facts contained in the Affidavit of James Ray and the Defendants' Answer, Citizens is entitled to judgment on all counts of the Complaint as further detailed in the Legal Analysis section below.

Once a moving party has established the absence of a triable issue of material fact, the party opposing the Motion for Summary Judgment must demonstrate by competent evidence the existence of a disputed material issue of fact. Reder at 39 (citing Anderson v. Liberty Lobby Inc., 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). Federal Court Rule of Civil Procedure 56(e) provides in pertinent part:

> When a Motion for Summary Judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Under Rule 56(e), if the moving party, by its supporting materials, establishes that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law, the opposing party may not rest on its pleadings but must allege specific facts establishing a triable issue in order to avoid the entry of summary judgment. Plaintiff respectfully submits that the Defendants are unable to contest the material facts set forth in the Complaint and based upon the application of the law to these facts entitles Citizens to all of the relief sought in the Complaint.

B. Legal Analysis:

a. Money Judgment

The Loan Documents specifically provide for interpretation under the laws of Rhode Island. In Rhode Island, contracts are to be construed according to the fair and reasonable meaning of the words in which the agreement of the parties is expressed. See Fleet National Bank v. 175 Post Road, LLC.851 A.2d 267; 2004 R.I. LEXIS 129. In the present case, the contracts in issue clearly provide for Citizens recovery of a money judgment against the Kleins.

The Kleins do not dispute that they executed the Guarantees unconditionally guaranteeing the obligations of Nutex to Citizens or the fact that a default occurred under the Loan Documents. The Kleins only dispute that an event of default occurred under the Forbearance Agreement, which, even if accurate, would not prevent Citizens from recovering under the Loan Documents in this action.

Pursuant to the terms of the Forbearance Agreement, Citizens agreed to forbear from exercising its right and remedies until April 30, 2006 and in no way waived the default giving rise to the acceleration of the Loans. After April 30, 2006, Citizens was free to pursue its rights and remedies as a result of the defaults giving rise to the acceleration under the Loan Documents. In addition, the Line of Credit was due and payable in full on April 30, 2006 as indicated in the instruments annexed to the Complaint as Exhibit B. Nutex failed to make payment in full of the Loans on or before April 30, 2006, which, contrary to the Kleins assertions, constitutes a default under the Loan Documents and the Forbearance Agreement.

As such, the Kleins were obligated to fulfill their obligations under the Guarantees and make payment in full of the Loans.

The Kleins failed to make payment in full of the Loans breaching their contractual obligations to Citizens. Thus, Citizens is entitled to judgment against the Kleins jointly and severally on Counts I and II of the Complaint for all amounts due under the Loan Documents.

b. Negative Pledge as Enforceable Mortgage

An equitable lien is created when a contract evidences an intention to charge a particular property with an obligation. Hauselt v. Harrison, 105 U.S. 401, 26 L. Ed. 1075; See Westall v. Wood, 212 Mass. 540, 99 N.E. 325 (1912). "[i]f a party by agreement creates a charge or claim in the nature of a lien on property of which he is the owner or in possession, a court of equity will establish and enforce it, not only against the party who stipulated to give it, but also against third persons who are either volunteers, or take with notice." In re Interborough Consol. Corp., 288 F. 334, 350 (2nd Cir. 1923) *citing* Walker v. Brown, 165 U.S. 654, 664, 17 Sup. Ct. 453, 41 L. Ed. 865.

There is no doubt about the intention of the parties in the present case. The Kleins concede not only that they executed the Negative Pledge Agreement but that said Agreement provides for a security interest in their residence. Because there is no dispute about these facts, Citizens is entitled to a judgment declaring that the Negative Pledge Agreement constitutes a valid mortgage on the Kleins' residence.

c. Citizens as Attorney-in-fact under the Negative Pledge Agreement

The Negative Pledge Agreement contains the following language:

> Pledgor hereby irrevocably appoints the Lender the Pledgor's true and lawful attorney, with full power of substitution, in the name of the Pledgor, the Lender or otherwise, for the sole use and benefit of the Lender, but at the Pledgor's expense, to the extent permitted by law to exercise, at any time and from time to time after any Event of Default has occurred, all or any of the above powers with respect to all or any of the Pledgor's collateral (which power shall be in addition and supplemental to any powers, rights and remedies of the Lender described herein or in the Guaranty or Loan Agreement).

Rhode Island recognizes the validity of a power of attorney and enforces such provisions in the same manner as contracts generally. See Dante State Bank v. Calenda, 56 R.I. 68, 183 A. 873, (1936).

By its plain terms, the Negative Pledge Agreement provides Citizens with a general power of attorney to act in place of the Kleins and take such actions as are appropriate to enforce the provisions of that Agreement. As such, Citizens is entitled to a declaratory judgment confirming that it is empowered to execute any and all documents on behalf of the Kleins and to take such actions as are necessary to effectuate the provisions of the Negative Pledge Agreement. Such power includes, but is not limited to, the execution of a mortgage encumbering the Kleins' residence, which mortgage shall contain the statutory condition and statutory power of sale, and the recording of said instrument with the appropriate Registry of Deeds in Massachusetts.

d. Equitable Relief

In addition to the foregoing provisions, the Negative Pledge Agreement also provides that the Kleins will "take any and all action as Lender may deem necessary or desirable to

perfect or record such mortgage." As with all of the other provisions of the Negative Pledge Agreement, the Kleins are contractually bound to comply with the terms of that Agreement. Citizens desires a mortgage instrument containing the statutory power of sale and statutory condition executed by the Kleins. Pursuant to the terms of the Negative Pledge Agreement, Citizens is entitled to such a mortgage instrument executed by the Kleins. Therefore, Citizens is entitled to entry of an Order directing the Kleins to execute a mortgage encumbering their residence, which contains the statutory power of sale and the statutory condition.

## IV. CONCLUSION

Citizens has satisfied its burden in the present case by way of the pleadings filed by the parties and through the Affidavit of James Ray. Therefore, Citizens is entitled to summary judgment in its favor on all counts of the Complaint.

CITIZENS BANK OF RHODE ISLAND
By its attorney,

/s/ Thomas E. Carlotto

Thomas E. Carlotto # 6088
Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
(401) 272-1400
(401) 272-1403 fax
tcarlotto@shslawfirm.com
Dated: October 25, 2006